IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 12-0561-WS-M |
| | ) |
| GEORGE W. SKIPPER III, | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

     This matter comes before the Court on the parties' Joint Motion for Stay of Action (doc. 40). The Motion and the case file reflect that this action is related to at least two other lawsuits pending in this District Court, to-wit: *Renasant Bank v. Park National Corp. and SE Property Holdings, LLC*, Civil Action 12-0689-WS-C, and *SE Property Holdings, Inc. v. David Stewart, Terry Stewart and George Skipper*, Civil Action 12-0537-CB-M. All three of these actions arise from the same underlying loans. The *Renasant* and *Stewart* actions have both been stayed through January 6, 2014, based on representations from the litigants that SE Property's ongoing efforts to recover and liquidate assets may yield sufficient funds to facilitate a compromise of some or all pending claims in those lawsuits. The parties to the case at bar now request a stay of the same duration for the same reasons animating the stays in *Renasant* and *Stewart*.

     District courts are vested with broad discretion to stay proceedings, which authority is incidental to their inherent powers to control their dockets and the course of particular litigation. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("district courts have inherent, discretionary authority to issue stays

in many circumstances"). In exercising this discretion, district courts have considered such factors as: "(1) whether the litigation is at an early stage …; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp.2d 915, 920 (W.D. Wis. 2010).

Based on the specific facts identified in the parties' Joint Motion for Stay, the Court agrees that entry of a stay through January 6, 2014 while SE Property pursues collection activities is substantially likely to simplify the issues, streamline the trial, and reduce the burden of litigation on the Court and parties alike. Moreover, because all parties have requested such relief, there is no concern that entry of a stay will unfairly prejudice or disadvantage any party.

In light of the foregoing, the Court finds that there are considerable benefits to entry of a temporary stay at this time to enable SE Property to focus on collection efforts, with the substantial possibility that such efforts may pave the way for a reasonable compromise or at least a narrowing of the claims and issues joined in this litigation. Moreover, a stay will accomplish these benefits with a negligible risk of undue delay, prejudice or harm to any party. Because entry of the requested stay will serve the interests of justice, the Court exercises its discretion by **granting** the Joint Motion for Stay of Action (doc. 40). This action, and all deadlines therein, is hereby **stayed** through and including **January 6, 2014**, at which time the stay will expire and this action will be referred to Magistrate Judge Milling for entry of an amended Rule 16(b) Scheduling Order.

DONE and ORDERED this 16th day of October, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE